IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

AMOS BELLAMY, *et al.*,

   *Plaintiffs,*

v.

TAYLOR COUNTY, FLORIDA, *et al.*,

   *Defendants.*

                                      /

Case No. 4:83-cv-7126

**PLAINTIFFS' CONSENT MOTION
TO SUBSTITUTE CLASS REPRESENTATIVES**

Plaintiffs Shirley Scott, Veleta Roberson, and Lessie M. Gent file this consent motion, respectfully requesting that this Court substitute Ernestine Mitchell, Timothy Flowers, Benjamin Flowers, and Christopher Sneed ("Proposed Class Representatives") as new class representatives in this matter under Rule 23(d) or, in the alternative, under Rule 23(c)(1)(c). In support of their Motion, Plaintiffs and Proposed Class Representatives state:

1. On April 20, 1983, Plaintiffs Scott, Roberson, Gent, and eleven other individuals filed this class action suit against Taylor County and its five county commissioners. (Compl., Doc. 1.) Plaintiffs alleged that the at-large election system for the County Commission then in place illegally excluded Black representation and participation, canceling out Black voting strength in violation of their rights protected by the Voting Rights Act. (*Id.* ¶ 1.)

1

2. The Court entered a consent decree on December 8, 1983, certifying a class of "all black residents of Taylor County, Florida," enjoining the County from conducting elections on an at-large basis, and ordering it to implement the specific districting plan agreed to by the Parties, including one district (District 5) with a majority of Black voters and residents. (Final J. ¶¶ 1, 5–6, Doc. 42.)

3. The Final Judgment in this case still binds the County Commission and its members, and serves as an adjudication of the rights of class members—all Black residents of Taylor County.

4. Since 1983, nine class representatives have passed away. Appointing new class representatives will help ensure that this action proceeds smoothly and quickly, and that the rights and interests of absent class members are protected.

5. As Black residents of Taylor County, Proposed Class Representatives are members of the class as defined in the Final Judgment.

6. Defendants consent to the relief requested by this Motion.

**WHEREFORE**, Plaintiffs Shirley Scott, Veleta Roberson, and Lessie M. Gent and Proposed Class Representatives respectfully request that the Court grant their Motion and substitute Ernestine Mitchell, Timothy Flowers, Benjamin Flowers, and Christopher Sneed as class representatives in lieu of the nine deceased class representatives, for the reasons set forth more fully in the following Memorandum of Law.

2

## MEMORANDUM OF LAW

### I. This Court Can and Should Substitute Class Representatives Under Rule 23(d)

Plaintiffs and Proposed Class Representatives request that the Court use the "broad discretion to manage class actions" granted to it under Rule 23 to substitute Proposed Class Representatives as new class representatives to ensure that this action moves forward smoothly and the interests of the class are properly carried forward in the current proceedings and beyond.

Rule 23(d) empowers the Court to grant the relief Proposed Class Representatives seek. Rule 23(d) allows the Court to issue orders "concerned with the fair and efficient conduct of the action," including orders relating to "what measure should be taken to simplify the proof and argument." Fed. R. Civ. P. 23(d), 1966 Advisory Committee's Note. The Rule's text provides guidance as to the sorts of orders that a court can issue, such as orders which "prescribe measures to prevent undue repetition or complication in presenting evidence or argument," Fed. R. Civ. P. 23(d)(1)(A), or which "impose conditions on the representative parties or on intervenors," Fed. R. Civ. P. 23(d)(1)(C). Rule 23(d)(1)(E) includes a catchall grant of authority, permitting orders that "deal with similar procedural matters."

Moreover, Rule 23(d)(1)'s list is "non-exclusive," and is meant largely to provide a range of options a court could take to "insur[e] fair and efficient conduct of the action." Mary J. Davis, Owen & Davis on Products Liability, § 22:15 (2021).

3

A court is "not rigidly bound in the types orders it may issue" under Rule 23(d), and indeed, "has the obligation to proceed with flexibility and imagination in structuring the course of a class action" through its Rule 23(d) orders. *See* 6A Fed. Proc., L.Ed. § 12:340. Given this flexibility, it is well within this Court's power to issue an order substituting Proposed Class Representatives as named class representatives.[1] *See, e.g.*, *Miller v. Mackey Intern., Inc.*, 70 F.R.D. 533, 535 (S.D. Fla. 1976) ("Although special authority for the appointment of a guardian ad litem is not provided for in Rule 23, it is inherent within Rule 23(d)."); *In re Equifax, Inc. Customer Data Sec. Breach Litig.*, 999 F.3d 1247, 1266 (11th Cir. 2021) (holding it "well within [a district court's] broad discretion" to impose certain rules on how class members interact with the litigation to avoid a "chaotic process"); *Randall v. Rolls-Royce Corp.*, 637 F.3d 818, 826 (7th Cir. 2011) (noting that "substituting two other class members for the original named plaintiffs . . . is possible" under Rule 23(d)); *Glenn v. Jackson Cnty.*, No. 5:84-cv-2110-RV (N.D. Fla. Mar. 16, 2022), ECF No. 70 (granting motion to substitute class representatives under similar circumstances).

---

[1] Indeed, doing so aligns with Rule 23(d)'s concern with the "fair and efficient conduct of the action." Fed. R. Civ. P. 23(d), 1966 Advisory Committee's Note. Substituting Proposed Class Representatives will ensure that there are class representatives ready and able to engage directly with the Court in this matter. This will allow for easier and quicker communication between the Court and the class and guarantee that the class is actively represented in all proceedings moving forward.

## II. In the Alternative, the Court Can Substitute Class Representatives Under Rule 23(c)(1)(C)

In the alternative, Proposed Class Representatives request that the Court amend the class certification order to substitute them as new class representatives. Rule 23(c)(1)(c) provides courts broad discretion to amend "[a]n order that grants . . . class certification . . . before final judgement." Fed. R. Civ. P. 23(c)(1)(c).

This Court "remains free to modify [a certification order] in light of subsequent developments in the litigation," even if doing so occurs "after a certification order is entered." *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986). This broad power is intended to allow courts to address the wide range of changes to a class that may occur after certification. *See, e.g.*, *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982) ("Even after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation.").

Amendments under Rule 23(c)(1)(c) should occur prior to "a final judgment." Although consent decrees are understood to constitute "a final judgment that may be reopened only to the extent that equity requires," *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 370 (1992), they are "not the last word of the judicial department." *Dougan v. Singletary*, 129 F.3d 1424, 1426 (11th Cir. 1997). As in this case, courts can alter and update consent decrees as necessary to adjust for substantially changed circumstances. *Rufo*, 502 U.S. at 384 ("Modification of a

5

consent decree may be warranted when changed factual conditions make compliance with the decree substantially more onerous."). The "finality" of a consent decree is primarily "intended to prevent 'piecemeal litigation,'" and should be "given a practical rather than technical construction . . . ." *Armstrong v. Schwarzenegger*, 622 F.3d 1058, 1064 (9th Cir. 2010), *quoting United States v. One 1986 Ford Pickup*, 56 F.3d 1181, 1184 (9th Cir. 1995); *see also* Fed. R. Civ. P. 23(c), 2003 Advisory Committee's Note ("In this setting the final judgment concept is pragmatic. It is not the same as the concept used for appeal purposes, but it should be flexible, particularly in protracted litigation.").

Here, there is no threat of piecemeal litigation as a result of this Motion. Rather, substituting the class representatives will ensure the class has proper representation in the proceedings, diminishing the likelihood that additional actions, or other parties, will attempt to litigate these issues. In light of these procedural considerations and in order to ensure that the class is properly represented as this action moves forward, this Court should—in the alternative to simply substituting the Proposed Class Members as class representatives—modify the class certification order and name them as the new class representatives.

### III. Conclusion

For the foregoing reasons, Plaintiffs and Proposed Class Representatives respectfully request that this Court grant the instant Motion.

## LOCAL RULE 7.1(F) CERTIFICATE OF WORD COUNT

The above Motion and Memorandum of Law contain 1,354 words.

## LOCAL RULE 7.1(C) CERTIFICATE OF CONFERRAL

The undersigned conferred with counsel for Defendants. Defendants consent to the relief requested by this Motion. The undersigned attempted to confer with Plaintiff Mery Ann Jones by contacting her by multiple telephone calls and letters and an in-person visit, but was unable to reach her after diligent efforts.

Respectfully submitted this 4th day of April, 2024,

      /s/ *Nicholas L.V. Warren*
Nicholas L.V. Warren (FBN 1019018)
**ACLU Foundation of Florida**
1809 Art Museum Drive, Suite 203
Jacksonville, FL 32207
(786) 363-1769
nwarren@aclufl.org

Daniel B. Tilley (FBN 102882)
Caroline A. McNamara (FBN 1038312)
**ACLU Foundation of Florida**
4343 West Flagler Street, Suite 400
Miami, FL 33134
(786) 363-2714
dtilley@aclufl.org

*Counsel for the Class and Proposed Class Representatives*

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing on Defendants by emailing a copy to Defendants' counsel Conrad C. Bishop, Jr. at lawbishop@fairpoint.net, which method of service he consented to in writing, on April 4, 2024. I certify that I have served a copy of the foregoing on Plaintiff Mery Ann Jones by mailing a copy to her residential address at 1201 North Avenue, Perry, FL 32348, on April 4, 2024.

                                          */s/ Nicholas L.V. Warren*
                                          Nicholas Warren (FBN 1019018)